IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEBORAH MIECZKOWSKI** | : | CIVIL ACTION NO. 1:07-CV-1102 |
| Plaintiff | : | |
| | : | (Judge Conner) |
| v. | : | |
| | : | |
| **YORK CITY SCHOOL DISTRICT**, *et al.* | : | |
| | : | |
| Defendants | : | |

**MEMORANDUM**

This is an employment discrimination and civil rights action maintained by plaintiff Deborah Mieczkowski ("Mieczkowski") against York City School District and two of its officers, Deloris Penn and Tresa Diggs. Mieczkowski brings this suit under provisions of Title VII of the Civil Rights Act of 1964 codified at 42 U.S.C. § 2000e-2(a), under 42 U.S.C. §§ 1981 and 1983, and under the common law of the Commonwealth of Pennsylvania. Presently before the court is defendants' motion to dismiss plaintiff's complaint (Doc. 6). For the reasons that follow, the motion will be granted in part and denied in part.

I.   **Factual Background and Procedural History**[1]

Beginning in July 2005, Mieczkowski, who is Caucasian, served as assistant superintendent of York City School District ("the district"). (Doc. 1 ¶¶ 6, 20-21, 35.)

---

[1] In accordance with the standard of review for a motion to dismiss, the court will present the facts as alleged in the complaint. See infra Part II. The statements contained herein reflect neither the findings of the trier of fact nor the opinion of the court as to the reasonableness of the parties' allegations.

Defendant Tresa Diggs ("Diggs"), who is African American, was the district's superintendent, and defendant Deloris Penn ("Penn"), who is also African American,[2] was director of human resources. (Id. ¶ 26.)

Mieczkowski alleges that defendants treated her differently from her African American co-workers. (Id. ¶¶ 33a-33e.) She claims that defendants disciplined her more harshly than African American employees and that African Americans with subordinate job classifications were compensated more highly than she was. (Id. ¶ 33a-33b, 33e.) Diggs allegedly reprimanded her for conduct that went uncensured when committed by African American individuals. (Id. ¶ 33c.) Lastly, defendants allegedly retaliated against Mieczkowski when she requested legal counsel to assist her in addressing this differential treatment. (Id. ¶ 32.)

On March 27, 2007, Mieczkowski filed a complaint with the Pennsylvania Human Relations Commission ("PHRC"), averring that the district subjected her to harassment, discipline, and unequal pay on the basis of her race in violation of the Pennsylvania Human Relations Act. (Doc. 6, Ex. B ¶¶ 8-41 & p.6; Doc. 14 at 5.) She dually filed the complaint with the Equal Employment Opportunity Commission ("EEOC") in May of the same year. (Doc. 6, Ex. B ¶ 42; Doc. 14 at 5.) She then commenced the instant action on June 20. Her complaint alleges race discrimination claims pursuant to Title VII, the Fourteenth Amendment Equal

---

[2]The complaint does not specify Penn's race; however, Mieczkowski's complaint filed with the Pennsylvania Human Relations Commission indicates that she is African American. (Doc. 6, Ex. B ¶ 39.)

2

Protection Clause, and § 1981.  She also maintains a claim for First Amendment retaliation arising from her attempt to confer with counsel.  Finally, she asserts a claim in tort for emotional distress under Pennsylvania law.

Defendants have filed a motion to dismiss,[3] arguing that Mieczkowski failed to exhaust her mandatory administrative remedies for the Title VII claim.  They contend that the § 1981, § 1983, and tort law claims are "pendent" to the Title VII claim and are also subject to the exhaustion defense.  The parties have briefed these issues, which are ripe for review.

## II.   Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6).  When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all factual allegations in the complaint and all

---

[3] Defendants move to dismiss the complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure "because the court lacks subject matter jurisdiction."  (Doc. 6 ¶ 5.)  It is well-settled, however, that a plaintiff's failure to exhaust Title VII administrative remedies does not divest the district court of subject matter jurisdiction.  Anjelino v. N.Y. Times Co., 200 F.3d 73, 87 (3d Cir. 1999) ("The characterization . . . of lack of exhaustion . . . as a jurisdictional bar is particularly inapt in Title VII cases."); Albright v. Keystone Rural Health Ctr., 320 F. Supp. 2d 286, 288 (M.D. Pa. 2004); cf. Hornsby v. U.S. Postal Svc., 787 F.2d 87, 89 (3d Cir. 1986) ("The time limits in Title VII are in the nature of statutes of limitation [and]
. . . do not affect the district court's subject matter jurisdiction.").  A defense based on lack of exhaustion should be "presented . . . under Rule 12(b)(6)[] rather than under Rule 12(b)(1)."  Anjelino, 200 F.3d at 87 (quoting Robinson v. Dalton, 107 F.3d 1018, 1022 (3d Cir. 1997)).  Therefore, the court will address defendants' motion as if it were filed under Rule 12(b)(6).

reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice pleading rules require the complaint to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Sershen v. Cholish, No. 3:07-CV-1011, 2007 WL 3146357, at *4 (M.D. Pa. Oct. 26, 2007) (quoting Erickson v. Pardus, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007)). The plaintiff must present facts that, if true, demonstrate a plausible right to relief. See FED. R. CIV. P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Bell Atl. Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955, 1965 (2007) (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"); Victaulic Co. v. Tieman, 499 F.3d 227, 234 (3d Cir. 2007). Thus, courts should not dismiss a complaint for failure to state a claim if it "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." Montville Twp. v. Woodmont Builders LLC, No. 05-4888, 2007 WL 2261567, at *2 (3d Cir. 2007) (quoting Twombly, ___ U.S. at ___, 127 S. Ct. at 1969). Under this

4

liberal pleading standard, courts should generally grant plaintiffs leave to amend their claims before dismissing a complaint that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

## III.   Discussion

Defendants present a twofold argument for dismissal.  They first contend that Mieczkowski's Title VII claim must be dismissed because she has not exhausted her administrative remedies.  They then assert that her remaining claims are "pendent" to the Title VII allegations and also barred for lack of exhaustion.  The court will examine these issues *seriatim*.

### A.   Race Discrimination Claim under Title VII

The enforcement framework under Title VII contemplates a multi-tier review process.  Claimants alleging discrimination by a political subdivision of a state must present their claim to a state administrative agency before proceeding to the EEOC. See 42 U.S.C. § 2000e-5(c).  In Pennsylvania this agency is the PHRC.  Sixty days after filing with the state agency, the claimant may file a charge with the EEOC. See id.  If the EEOC elects not to pursue the claimant's allegations, it will issue the claimant a right-to sue-letter.  See id. § 2000e-5(f)(1).  The claimant may file an action in federal court after receiving this letter.  See id.; see also id. § 2000e-16; Waiters v. Parsons, 729 F.2d 233, 237 (3d Cir. 1984) (per curiam).  Compliance with this administrative framework is mandatory, and a claimant cannot bring suit until

he or she had exhausted all administrative remedies.  See Burgh v. Borough Council, 251 F.3d 465, 471 (3d Cir. 2001).

In the case *sub judice*, Mieczkowski has alleged a race discrimination claim in violation of Title VII, 42 U.S.C. § 2000e-2(a).  She currently has complaints pending before the EEOC and the PHRC.  Neither entity has yet resolved her case, nor has the EEOC issued her a right-to-sue letter.  Therefore, she has not exhausted her administrative remedies and cannot maintain a Title VII action before this court.  Her Title VII claim will be dismissed without prejudice to her right to re-file it after exhaustion of all available administrative remedies.

### B.   Civil Rights and Tort Law Claims

The exhaustion requirements of Title VII do not apply to rights created by other areas of law.  A plaintiff alleging that a particular act of a defendant violated both Title VII and the plaintiff's constitutional rights must exhaust administrative remedies for the Title VII claim but not for the constitutional claims.  See Joyner v. Sch. Dist. of Phila., 313 F. Supp. 2d 495, 501 (E.D. Pa. 2004) (observing that constitutional rights are distinct from those created under Title VII).  The latter are immediately actionable under § 1983.  See id.; accord Webb v. Bd. of Educ., 471 U.S. 234, 241 (1985) ("[N]othing in § 1983 requires that a plaintiff exhaust his administrative remedies before bringing a § 1983 suit."); Latino Project, Inc. v. City of Camden, 701 F.2d 262, 264-65 (3d Cir. 1983) (citing Patsy v. Florida, 457 U.S. 496, 516 (1982)) ("[I]t is settled that there is no statutory requirement or congressional policy mandating exhaustion of administrative remedies with regard to [§ 1983

claims].")."  Title VII's exhaustion requirements are also inapplicable to claims under § 1981 or state tort law.  See Cheyney State Coll. Faculty v. Hufstedler, 703 F.2d 732, 737 (3d Cir. 1983) (reiterating that § 1981 does not require exhaustion of administrative remedies); Fortes v. Boyertown Area Sch. Dist., No. 06-0878, 2006 WL 3043108, at *5 n.12 (E.D. Pa. Oct. 20, 2006) (same); Bryant v. Better Bus. Bureau, 923 F. Supp. 720, 747 (D. Md. 1996) (observing that failure to exhaust Title VII administrative remedies does not foreclose state tort claim).

In the present case, Mieczkowski alleges that the defendants' conduct violated her rights under Title VII.  She also maintains claims under § 1981, § 1983, and Pennsylvania tort law.  The defendants urge the court to dismiss the civil rights and state tort claims because they are "pendent" to the unexhausted Title VII allegations.  Nevertheless, defendants have offered no support for their theory, and the court's independent research has produced none.  The court recognizes that Mieczkowski's various claims derive from common facts; however, a defendant may not invoke a Title VII exhaustion defense against non-Title VII claims. Mieczkowski's failure to exhaust her administrative remedies under Title VII has no effect on her civil rights and tort law claims, and the motion to dismiss these claims will be denied.

**IV.    Conclusion**

Mieczkowski's Title VII claim must be dismissed for failure to exhaust administrative remedies. Dismissal of her other claims is inappropriate because Title VII exhaustion does not pertain to them.

An appropriate order is attached.

      S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:        November 28, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DEBORAH MIECZKOWSKI** : | CIVIL ACTION NO. 1:07-CV-1102 |
| **Plaintiff** : | (Judge Conner) |
| v. : | |
| **YORK CITY SCHOOL DISTRICT,** *et al.* : | |
| **Defendants** : | |

## ORDER

AND NOW, this 28th day of November, 2007, upon consideration of the plaintiff's motion to dismiss (Doc. 6), and for the reasons discussed in the accompanying memorandum, it is hereby ORDERED that the motion is GRANTED in part and DENIED in part as follows:

1. The motion is GRANTED with respect to plaintiff's claim under Title VII of the Civil Rights Act of 1964 without prejudice to her right to re-file this claim after she has exhausted her administrative remedies.

2. The motion is otherwise DENIED.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge