IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DEBORAH MIECZKOWSKI** : | CIVIL ACTION NO. 1:07-CV-1102 |
| Plaintiff : | (Judge Conner) |
| v. : | |
| **YORK CITY SCHOOL DISTRICT**, *et al.*, : | |
| Defendants : | |

## ORDER

AND NOW, this 19th day of March, 2010, upon consideration of the report of the magistrate judge (Doc. 55), recommending that the motion (Doc. 39) for summary judgment filed by defendants York City School District, Deloris Penn, and Tresa Diggs be granted, and upon further consideration of the objections[1] (Doc. 60)

---

[1] Plaintiff objects to the magistrate judge's recommendation that defendants' motion for summary judgment be granted. Where objections to a magistrate judge's report and recommendation are filed, the court must perform a *de novo* review of the contested portions of the report. Supinski v. United Parcel Serv., Civ. A. No. 06-0793, 2009 WL 113796, at *3 (M.D. Pa. Jan. 16, 2009) (citing Sample v. Diecks, 885 F.2d 1099, 1106 n. 3 (3d Cir. 1989); 28 U.S.C. § 636(b)(1)(c)). "In this regard, Local Rule of Court 72.3 requires 'written objections which . . . specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for those objections.'" Id. (citing Shields v. Astrue, Civ. A. No. 07-417, 2008 WL 4186951, at *6 (M.D. Pa. Sept. 8, 2008)).

In her objections to the report of the magistrate judge, plaintiff broadly asserts that the magistrate judge: (1) "does not adhere to the Standard of Review"; (2) "regularly either misapprehends the disputed facts in this case, or erroneously interprets them or both"; (3) pays "inordinate time and deference . . . to the facts in this case from the defendants [sic] perspective"; and (4) ignores the facts "where they indicate disputed disagreement by the plaintiff[.]" (Doc. 60, p. 6). In support of these objections, plaintiff points only to the magistrate judge's consideration of two issues: (1) plaintiff's salary; and (2) plaintiff's failure to submit timely an Alternative Education Report and subsequent reprimand. (See Doc. 60, pp. 6-12). Following a careful review of the record, the court will address both of these contested portions of the magistrate judge's report in turn. See infra notes 2-3.

filed by plaintiff, wherein plaintiff specifically objects to the magistrate judge's consideration of the "issue of salaries"[2] and plaintiff's submission of an Alternative

---

[2] In her first specific objection, plaintiff asserts that "[a] more or less classic example" of the magistrate judge's improper analysis "is the issue of salaries." The court will first review *de novo* the magistrate judge's consideration of plaintiff's salary as the premise of an equal protection claim. It will then conduct the same review as it relates to plaintiff's Title VII claim.

As the magistrate judge appropriately recognized, plaintiff must bring her equal protection claim under the "class of one" theory because she is not a member of a protected class for purposes of race. (Doc. 60, p. 23). This theory allows a plaintiff to assert an equal protection claim regardless of protected class when the government intentionally treats the plaintiff differently from similarly situated individuals with no rational basis for the difference in treatment. See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); Hill v. Borough of Kutztown, 455 F.3d 225, 239 (3d Cir. 2006). To assert a class of one claim, plaintiff must demonstrate that: (1) defendants treated her differently from others similarly situated; (2) defendants did so intentionally; and (3) there was no rational basis for the difference in treatment. Hill, 455 F.3d at 239.

Having reviewed the record, this court agrees with the magistrate judge's conclusion that plaintiff has failed to adequately support her claim for equal protection. (See Doc. 55, pp. 24-25). As the basis for this claim, plaintiff repeatedly asserts that she "received a lower salary than her black predecessors as well as even some of her subordinates in the district." (See, e.g., Doc. 60, p. 9). This evidence, even when viewed in the light most favorable to the plaintiff, is insufficient to support her claim and withstand summary judgment. Plaintiff has failed to show that she was treated differently than other *similarly situated* employees; she merely points to the salaries of other employees without any explanation of how the employees are similarly situated to her in their employment capacities. Without this showing, her claim must fail. See Hill, 455 F.3d at 239 ("Hill's claim must fail because he does not allege the existence of similarly situated individuals").

Additionally, as the magistrate judge concluded, the record is replete with evidence that the school district's salaries were based on numerous legitimate factors including seniority, professional certifications, and changes in salary structure dictated by budgetary concerns. (Doc. 55, p. 24). Plaintiff acknowledges this fact stating that "in fairness to the defendants there may be arguable reasons for salary in equities [sic][.]" (Doc. 60, p. 9). Plaintiff has offered no evidence to discredit these legitimate and rational bases for the difference in salaries received by various employees of York City School District, let alone evidence sufficient to prove that the allegedly disparate treatment was irrational or intentional. (See Doc. 55, p. 24). Therefore, as a matter of law, plaintiff has failed to establish any of the three required elements of an equal protection claim under the class of one theory. The magistrate judge properly recommend that this claim be dismissed, and after *de novo* review, his recommendation is adopted.

Education Report,[3] and following an independent review of the record, it appearing

---

Similarly, the plaintiff's assertion of salary inequities is insufficient to establish a Title VII claim for discrimination.  As discussed supra, the school district's pay scale was based on legitimate factors, and plaintiff has adduced no evidence to suggest that the school district discriminated against her by paying her less money on the basis of race.  This court agrees with the magistrate judge's conclusion that "[p]laintiff has failed to identify evidence to support her claim that she was discriminated against in the pay she received; indeed, the evidence tends, if anything, to discredit her claims."  (Doc. 55, p. 21).  Thus, the magistrate judge's recommendation to dismiss the Title VII claim is also adopted.

[3] Plaintiff next objects to the magistrate judge's "extensive discussion on the issue of 'adverse employment action'" because there are disputed factual issues surrounding the submission of the Alternative Education Report.  (See Doc. 60, p. 12).  After *de novo* review, however, this court agrees with the magistrate judge's conclusion that "[t]he record in this case is devoid of an actionable adverse employment action taken against [p]laintiff."  (Doc. 55, p. 16).  Plaintiff's conclusory assertions to the contrary are insufficient.  See FED. R. CIV. P. 56; Gans v. Mundy, 726 F.2d 338, 341 (3d Cir. 1985) ("a nonmoving party resisting a motion for summary judgment under Rule 56 cannot rest on its pleadings nor 'rely merely upon bare associations, conclusory allegations or suspicions'").  Plaintiff has failed to indicate any evidence creating a genuine issue of material fact on this matter, and therefore, this court adopts the magistrate judge's conclusion.

Plaintiff's contention that "the M.J. [sic] leaves out an incredibly crucial fact such as the letter of reprimand being placed in plaintiff's file[,]" (Doc. 60, p.12), is wholly inaccurate.  The magistrate judge expressly concludes: "We also do not find that the letters from Dr. Diggs regarding [p]laintiff's failure to ensure the timely filing of various reports represent adverse employment actions that may be redressed under Title VII or U.S.C. § 1981."  (Doc. 55, p. 17).  Further discussing the issue, the magistrate judge applies Weston v. Pa., 251 F.3d 420, 431 (3d Cir. 2001), explaining that "the Third Circuit found that two written letters of reprimand that were placed temporarily in an employee's personal file were insufficient to constitute a tangible employment action because the letters did not cause a material change to the plaintiff's terms and conditions of employment.  *The result should be no different in this case*."  (Doc. 55, pp. 17-18, emphasis added).  Plaintiff's objection, therefore, is without merit, and the court adopts the magistrate judge's analysis regarding the letter of reprimand.

Plaintiff finally contends that the magistrate judge left out evidence regarding the "intense pressure and harassment for facing a patently absurd litany of abundant pretextual actions setting plaintiff up for discipline over a so-called 'Report' the defendants knew she could not complete."  (Doc. 60, p. 12).  Plaintiff, however, offers no evidence of record supporting the contention that defendants' actions were pretextual.  Instead, plaintiff relies on the assertion that "[t]hese defendants drove plaintiff nuts."  (Doc. 60, p. 12).  As discussed supra, such

that plaintiff's complaint in the above-captioned case alleges that defendants discriminated against plaintiff on the basis of race in that "she was unjustly disciplined, harassed and other [sic] discriminated against on account of her color and race (reverse discrimination)," (Doc. 1 ¶ 1), in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, and under 42 U.S.C. § 1981, and that plaintiff also complains that defendants infringed her right to equal protection under the Fourteenth Amendment by treating her differently than other employees for no rational reason,[4] and that plaintiff also alleges that defendants violated her rights under the First Amendment by retaliating against her for requesting counsel during her meeting with the superintendent and the director of human relations for York City School District, (Doc. 1 ¶¶ 51-2), and that plaintiff further complains that defendants violated "Pennsylvania Tort Law" by conspiring to discriminate against her on the basis of race, (Doc. 1 ¶ 57), and it further appearing that defendants contend that summary judgment is appropriate because plaintiff has failed to adduce sufficient evidence to support her claims, and the court concluding that plaintiff's evidence is insufficient to establish the essential elements of her case, see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986), it is hereby ORDERED that:

---

conclusory allegations unsupported by evidence of record cannot withstand a motion for summary judgment. Accordingly, this court adopts the magistrate judge's report as it relates to plaintiff's claim for reverse discrimination.

[4] Plaintiff claims that she was treated differently when she: (1) was excluded from certain executive sessions; (2) was "disciplined" after being "wrongfully accused" of failing to submit reports in a timely manner; (3) was "reprimanded . . . for being slightly late to a meeting"; (4) was given a smaller pay increase as Acting Assistant Superintendent than had been paid in the past; and (5) received a lower rate of pay "than certain African Americans who held lower job classifications[.]" (Doc. 1 ¶ 33).

1. The report of the magistrate judge (Doc. 55) is ADOPTED.[5]

2. Defendants' motion for summary judgment (Doc. 39) is GRANTED.

3. The Clerk of Court is instructed to enter JUDGMENT in favor of defendants and against plaintiff on all claims.

4. The Clerk of Court is directed to CLOSE this case.

      S/ Christopher C. Conner
      CHRISTOPHER C. CONNER
      United States District Judge

---

[5] The magistrate judge's report contains an exhaustive discussion applying the law to the facts of this case.  (See Doc. 55, pp. 12-31).  Having rejected plaintiff's objections to the report, see supra notes 2-3, this court adopts the report *in toto*.